```
UNITED STATES DISTRICT COURT                          (ECF)
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - -:
SEMENTHE DOZIER,                        : 09 Civ. 9941 (BSJ) (JCF)
                                        :
             Plaintiff,                 :       REPORT AND
                                        :     RECOMMENDATION
     - against -                        :
                                        :
QUEST DIAGNOSTICS INCORPORATED,         :
                                        :
             Defendant.                 :
- - - - - - - - - - - - - - - - - - - -:
```
TO THE HONORABLE BARBARA S. JONES, U.S.D.J.:

Sementhe Dozier brought this diversity action alleging that her employer, Quest Diagnostics Incorporated ("Quest"), failed to accommodate her disability as required by the New York City Human Rights Law. The defendant has submitted a letter motion seeking dismissal of the action based on the plaintiff's failure to prosecute and her failure to cooperate in discovery.

Background

Sementhe Dozier commenced this action by filing a summons and complaint dated November 18, 2009, in the Supreme Court of the State of New York, Bronx County. At that time, she was represented by an attorney, David Abrams. Ms. Dozier alleged that Quest had failed to provide her with accommodations to permit her to perform her job, accommodations that were necessary because she suffers from disabling arthritis. (Complaint ("Compl."), ¶¶ 8-10). Ms. Dozier asserted that Quest's conduct violated the New York City Human Rights Law. (Compl., ¶ 13). Quest removed the action to this Court and filed an answer. The case was then referred to me for general pretrial supervision.

1

After a pretrial conference on March 17, 2010, I ordered that all discovery be completed by July 15, 2010. (Order dated March 17, 2010). Shortly thereafter, plaintiff's counsel informed me that he was having difficulty securing his client's compliance with discovery demands and would be applying to withdraw from representation. (Letter of David Abrams dated May 26, 2010). The defendant soon complained that plaintiff's discovery responses, document production, and medical authorizations were seven weeks overdue and that numerous attempts to gain compliance had been unsuccessful. (Letter of Amy Traub dated June 1, 2010).

Mr. Abrams then filed an application to withdraw as plaintiff's counsel because of the plaintiff's repeated failure to attend scheduled appointments and produce requested discovery materials. (Certification of David Abrams dated June 8, 2010, ¶¶ 3-4). Receiving no objection, I granted Mr. Abrams' application and ordered Ms. Dozier to either arrange for new counsel to file a notice of appearance or inform the Court of her intention to proceed pro se by September 30, 2010. (Order dated Aug. 4, 2010).

After the plaintiff failed to respond to my order, the defendant submitted a letter motion requesting that the plaintiff's complaint be dismissed with prejudice. (Letter of Amy Traub dated Oct. 1, 2010). Rather than granting the motion immediately, I issued a second order explicitly informing the plaintiff that her complaint would be dismissed if she did not take the steps required by my earlier order no later than November 19, 2010. (Order dated Oct. 21, 2010). The plaintiff again failed to respond, and the

defendant has again moved to dismiss the complaint. (Letter of Amy Traub dated Nov. 9, 2010).

Discussion

Rule 16(f) of the Federal Rules of Civil Procedure provides that "if a party . . . fails to obey a scheduling or other pretrial order," the court "may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii)." Rule 37(b)(2)(A)(v), in turn, authorizes dismissal of the action as a sanction. Rule 41(b) provides in pertinent part that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

Dismissal under Rule 41(b) is a harsh remedy that is only appropriate in extreme circumstances. Spencer v. Doe, 139 F.3d 107, 112 (2d Cir. 1998); see also Peart v. City of New York, 992 F.2d 458, 461 (2d Cir. 1993). When the plaintiff is proceeding pro se, the court should be particularly hesitant to dismiss the action on the basis of a failure to follow proper procedures. See Spencer, 139 F.3d at 112. Nevertheless, "litigants, including pro ses, have an obligation to comply with court orders. When they flout that obligation they, like all litigants, must suffer the consequences of their actions." McDonald v. Head Criminal Court Supervisor Officer, 850 F.2d 121, 124 (2d Cir. 1988).

In determining whether dismissal is appropriate, courts consider:

> (1) the duration of the plaintiff's failure to comply with the court order; (2) whether the plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendants are likely to be prejudiced by

>further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

Spencer, 139 F.3d at 112-13; see also Peart, 992 F.2d at 461.

Ms. Dozier has delayed this case for over four months by failing to respond to discovery requests that were due in July. Furthermore, there is no end in sight to the current delay, since there is no way to know when the plaintiff might reemerge and seek to revive this litigation.

Ms. Dozier received explicit notice of the consequences of her failure to engage new counsel or to advise the Court that she intend to proceed pro se. In my order dated October 21, 2010, I advised her that failure to comply with these conditions would result in dismissal of the complaint for failure to prosecute. She responded to my warning by ignoring the order. Moreover, since Ms. Dozier failed to respond to my order and to the defendant's motion to dismiss, she has also failed to dispute that she was notified of the consequences of her continued failure to cooperate. See Dodson v. Runyon, 957 F. Supp. 465, 468-71 (S.D.N.Y. 1997) (plaintiff failed to respond to motion to dismiss and so failed to dispute that he was notified of consequences of failure to prosecute), aff'd, 152 F.3d 917 (2d Cir. 1998).

The delay created by the plaintiff's refusal to cooperate with discovery requests is clearly prejudicial. See United States ex rel. Roundtree v. Health and Hospitals Police Department, No. 06 Civ. 212, 2007 WL 1428428, at *1-2 (S.D.N.Y. May 14, 2007) (case

dismissed because plaintiff failed to provide court or defendants with contact information and "had no contact with the Court or his adversary for a significant period of time"); Mathews v. United States Shoe Corp., 176 F.R.D. 442 (W.D.N.Y. 1997) (case dismissed because defendant was prejudiced by pro se plaintiff's failure to comply with defendant's discovery requests). The plaintiff's non-compliance has left the defendants unable even to begin to prepare this case, since the requested discovery would provide the basic information necessary to proceed.

A balancing of the Court's interest in efficient adjudication and the plaintiff's interest in having her day in court must, in this instance, favor dismissal. While one case more or less has little impact on the Court's docket, Ms. Dozier's claim on the Court's time is undermined by her failure to comply with my orders and her discovery obligations under the Federal Rules. See McDonald, 850 F.2d at 124 (affirming dismissal of pro se case for failure to obey district court's orders); Lediju v. New York City Department of Sanitation, 173 F.R.D. 105, 111-12 (S.D.N.Y. 1997) (dismissing claim for failure to prosecute where plaintiff was "afforded every opportunity to litigate his claim"); Lukensow v. Harley Cars of New York, 124 F.R.D. 64, 67 (S.D.N.Y. 1989) (granting defendant's unopposed summary judgment motion and dismissing case due to "a complete lack of prosecutorial activity . . . for two years").

No sanction short of dismissal is appropriate. In a case where a party's delay has only caused the adversary to incur

expenses, monetary sanctions may be sufficient. But here, in addition to expending the effort of moving to compel discovery, the defendant has also suffered prejudice in its ability to prepare for trial. And, while an adverse inference might in some circumstances be a sufficient remedy, that is not the case here. The discovery that the plaintiff has failed to produce goes to the heart of her case. Consequently, while an adverse inference might ultimately be fatal to her claim, it would be unfair to require the defendant to expend still more resources to reach the inevitable result of dismissal.

Conclusion

For the reasons set forth above, I recommend that the defendant's motion be granted and the action be dismissed. Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from this date to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Barbara S. Jones, Room 1920, and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007. Failure to file timely objections will preclude appellate review.

Respectfully submitted.

_James C. Francis IV_
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:      New York, New York
            December 8, 2010


Copies mailed this date:

Sementhe Dozier
2936 Bainbridge Avenue, #1B
Bronx, New York 10458

Amy J. Traub, Esq.
Joseph D. Guarino, Esq.
Epstein Becker & Green, PC
250 Park Avenue
New York, New York 10177